UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| GARCIA GRAIN TRADING CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:24-CV-00068 |
| | § | |
| RODOLFO PLASCENCIA, SR., and | § | |
| WNGU PROPERTIES, LLC, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendants' Motion to Modify the Order Adopting the Report and Recommendations of the Bankruptcy Court. (Dkt. No. 5). For the following reasons, the Court **DENIES** the Motion.

Garcia Grain Trading Corp. ("Garcia Grain"), filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code on February 17, 2023, which commenced a case in the McAllen Division of the United States Bankruptcy Court. (*See* 7:23-BK-70028, Dkt. No. 1). On May 26, 2023, Garcia Grain filed a Complaint to Avoid Involuntary Preferential Transfers which commenced an adversary proceeding in the Bankruptcy Court (the "Adversary Proceeding"). (7:23-AP-07002, Dkt. No. 1). On February 9, 2024, in the Adversary Proceeding, Rodolfo Plascencia and WNGU Properties, LLC ("Defendants") filed Defendants' Demand for Jury Trial and Amended Motion for Withdrawal of Reference. (7:23-AP-07002, Dkt. No. 59). The Bankruptcy Court entered its Report and Recommendation to the United States District Court that Defendants'

Motion to Withdraw Reference Be Granted ("R&R") on February, 15 2024.  (Dkt. No. 1); (7:23-AP-07002, Dkt. No. 66).  The R&R was filed in both the adversary proceeding and with this Court.  (*See id.*).  On February 20, 2024, Defendants filed in the Adversary Proceeding Limited Objections to the Report and Recommendation of the Bankruptcy Court.  (7:23-AP-07002, Dkt. No. 68).  On March 2, 2024, the Court entered its Order Accepting Findings, Conclusions, and Recommendation of the United States Bankruptcy Court.  (Dkt. No. 4); (7:23-AP-07002, Dkt. No. 74).  The Court adopted the R&R and ordered that the reference to the Bankruptcy Court be withdrawn but that the case be referred to the Bankruptcy Court to resolve all pretrial matters.  (*See id.*).

Shortly thereafter, Defendants filed a motion seeking modification of the Court's Order to withdraw the reference to the Bankruptcy Court in its entirety.  (Dkt. No. 5).  Defendants seek modification of the Court's Order because the Court did not consider Defendants' objections which urge that various factors militate against referral of pretrial matters to the Bankruptcy Court in this case.  (*See id.* at 3–10).  Plaintiff responded in opposition, (Dkt. No. 6), and the Motion is now ripe for review.

First, the Court finds that Defendants' objections to the R&R are not timely because they were filed in the Adversary Proceeding instead of with this Court.  *See In re DALF Energy, LLC,* No. 5:20-BK-50369, 2023 WL 9318008, at *1 (Bankr. W.D. Tex. Aug. 25, 2023), ("The Court . . . denied the relief requested because, after a bankruptcy court issues proposed findings of fact and conclusions of law to a district court, *objections must be lodged in the district court.*") (emphasis added), *aff'd,* No. 5:22-MC-01340, 2023 WL 9317549 (W.D. Tex. Dec. 15, 2023); Fed. R. Bankr. P. 9033(b), (d).

2

Second, even if the objections had been timely filed with the Court, the Court finds that amendment of its Order is unwarranted. As discussed in the R&R, Defendants demanded a jury trial in the Adversary Proceeding on causes of action which involve money damages, thus triggering mandatory withdrawal of the reference. (Dkt. No 1 at 3–4). However, as to whether the Bankruptcy Court should continue to resolve all pretrial disputes, the Court turns to the factors for permissive withdrawal. In the Fifth Circuit, the Court must consider 6 "for cause shown" factors: (1) core versus non-core matters; (2) fostering the economical use of the debtors' and creditors' resources; (3) expediting the bankruptcy process; (4) reducing forum shopping and confusion; (5) whether jury demands have been made; and (6) promoting uniformity in bankruptcy administration. *See Curtis v. Cerner Corp.*, No. 7:19-CV-00417, 2020 WL 1983937, *2 (S.D. Tex. Apr. 27, 2020). In this case, other than the jury demand, the factors favor the Bankruptcy Court resolving pretrial matters.

As to the first factor, Defendants urge that there is at least one non-core claim which *Curtis* dictates should result in the case staying with this Court. However, in *Curtis* nine out of thirteen claims, i.e., the vast majority, were non-core, which is why the factor there favored withdrawal. That is distinguishable from here where the majority of the claims are core matters.[1] Next, it is more economical for Garcia Grain to proceed in the

---

[1] "A proceeding is core if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could only arise in the nature of a bankruptcy case." *In re Lutfak*, 536 B.R. 765, 771 (Bankr. S.D. Tex. 2015) (citing *Wood v. Wood*, 825 F.2d 90, 97 (5th Cir. 1987)). "Core proceedings include . . . proceedings to determine, avoid, or recover fraudulent conveyances[.]" 28 U.S.C. § 157(b)(2)(H). The operative Complaint lists three counts arising out of alleged fraudulent or preferential transfers: (1) claim pursuant to 11 U.S.C. § 548(a)(1)(B) as
(continue)

Bankruptcy Court. "Judicial economy and economical use of the parties' resources favor reducing the number of motions, hearings, and proceedings that are necessary to resolve this case." *Curtis*, 2020 WL 1983937, at *4. Because core claims make up the majority of this dispute, the Bankruptcy Court can resolve most of the pretrial matters without needing the Court's review or approval, providing a streamlined process to resolution. As to expediting the bankruptcy process, "[t]he district court should refuse withdrawal if withdrawal would unduly delay administration of the case, considering the status of the case, the importance of the proceeding to the case, and the relative caseloads of the district court and bankruptcy judge." *Curtis*, 2020 WL 1983937, at *4 (quoting *In re White Motor Corp.*, 42 B.R. 693, 700 (N.D. Ohio 1984)). Here, because the Bankruptcy Court can resolve most of the pretrial disputes more expediently than this Court, the Adversary Proceeding will be resolved sooner if pretrial matters are referred to the Bankruptcy Court. Under the fourth factor, "the Court should be skeptical of attempts to avoid Bankruptcy Court as an unfavorable forum." *Curtis*, 2020 WL 1983937, at *3. Defendants appear to take issue with the Bankruptcy Court,[2] which indicates the motion could be an attempt to forum shop. This factor does not favor withdrawal. And finally, greater

---

well as Tex. Bus. & Com. Code § 24.005(a)(2); (2) claim pursuant to 11 U.S.C. § 548(a)(1)(A) as well as Tex. Bus. & Com. Code § 24.005(a)(1); and (3) claim pursuant to 11 U.S.C. § 547. (7:23-AP-07002, Dkt. No. 62 at 37–51). Defendants concede that there is a split in authority as to whether a state law fraudulent transfer claim is a separate non-core claim from the one brought under the Bankruptcy Code. (Dkt. No. 5 at 6). Assuming, *arguendo*, that the Court adopts Defendants' position, that would result in five separate claims here, at least three of which are still brought under title 11 and would be core claims.

[2] Defendants accuse the Bankruptcy Court of not being neutral toward the Parties and of possibly having a conflict of interest. (Dkt. No. 5 at 8–10). The Court finds that those claims are unsubstantiated.

uniformity in bankruptcy administration would result if the Court refers the case back to the Bankruptcy Court for resolution of pretrial matters. Although Defendants claim that "this case is in it's infancy," (Dkt. No. 5 at 5), the Bankruptcy Court has already made some rulings in the Adversary Proceeding and has been heavily involved in the bankruptcy proceeding. In sum, it will be more efficient for the Bankruptcy Court to preside over these matters until the case is ready for trial.

Considering the foregoing analysis, the Court **DENIES** Defendants' Motion to Modify the Order Adopting the Report and Recommendations of the Bankruptcy Court.

It is SO ORDERED.

Signed on March 14, 2024.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**